## IN THE UNITED STATES BANKRUPTY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **IN RE:** | ) **Bankruptcy Case No.** 22-22293-CMB |
| Gabriel S. Fontana, | ) |
| **Debtor,** | ) **Chapter** 7 |
| | ) |
| The Huntington National Bank, | ) |
| **Movant,** | ) **Related Document No.** 154-152 |
| **v.** | ) |
| Gabriel S. Fontana d/b/a Fontana | ) **Response Due:** 08/08/24 |
| Consulting and Rosemary Crawford, | ) **Hearing Date:** 08/15/24 @ 1:30 p.m. |
| Chapter 7 Trustee, | ) |
| **Respondents.** | ) **Document No.** |

## RESPONSE TO HUNTINGTON NATIONAL BANK'S MOTION
## FOR EXTENSION OF DEADLINE TO OPPOSE DISCHARGEABILITY

**AND NOW**, comes the Respondent, Gabriel S. Fontana d/b/a Fontana Consulting,

by and through his attorneys, Donald R. Calaiaro and Calaiaro Valencik, and presents

the following Response to Huntington National Bank's Motion for Extension of Deadline

to Oppose Dischargeability, and in support thereof states as follows:

1.      The Debtor filed this bankruptcy on November 18, 2022.

2.      This dispute related to a motor vehicle, a 2019 Ford F 250 which was

financed by the Movant.

3.      Huntington National Bank made a Loan to Pittsburgh Property

Maintenance, LLC, and motor vehicle title was in the name of Pittsburgh Property

Maintenance, LLC.  Gabe Fontana was a guarantor.

4.      The Debtor had access to use 3160 Leechburg Road, Pittsburgh Pa 15239.

That property had a large parking lot available for use.

5.      The vehicle was damaged in an accident in December of 2021, and it was

moved to the repair shop.  The vehicle was inoperable.

6.      Huntington National Bank and car repair shop could not agree on the amount of the cost to repair the vehicle in light of the available insurance coverage and the storage fees for the time the vehicle was at the repair shop.

7.      After the car sat unrepaired for months at the car repair shop, the mechanic told Gabe Fontana to remove the car from the body shop's lot.

8.      The lender stated they wanted to repossess the car and they did not want that mechanic to repair it.

9.      Gabe Fontana then directed the car repair shop to move the damaged vehicle to 3160 Leechburg Road, Pittsburgh Pa 15239.

10.     Gabe Fontana believed the car was moved to Gabe Fontana then moved the damaged vehicle to 3160 Leechburg Road, Pittsburgh Pa 15239 where it was to be repossessed.

11.     In research of this motion and response, Gabe Fontana contacted Luna Collision and he learned that they refused to move the vehicle because of its outstanding for storage.

12.     Huntington National Bank. did not contact Gabe Fontana between spring of 2022 and when the bankruptcy was filed to follow up on the vehicle or the repossession.

13.     The Debtor's schedules did not list this vehicle on schedule B. In fact, Gabe Fontana never was the owner of the vehicle.

14.     The Movant filed a motion for Relief from stay in April 2023.

15.      Relief was granted on May 23, 2023, at Doc 64.

16.     When the Movant contacted the Debtor about this vehicle after the Relief was granted, these events were provided to the Movant's counsel in 2023.

17.     The Debtor explained to Huntington National Bank's Counsel that he did not have possession of the vehicle.

18.     The Debtor explained to Huntington National Bank's counsel that he was contacted by a repossession agent who directed him to place the vehicle in his parking lot at 3160 Leechburg Road, Pittsburgh Pa 15239.

19.     Gabe Fontana had done this previously with other secured creditors who did repossess vehicles this way.

20.     If the car was not repossessed, the Debtor did not know where the vehicle was located.

21.     Even though more than a year has passed, the Movant has not taken any action against the Debtor.

22.     The movant has acted in a dilatory manner since it directed Gabe Fontana to place the vehicle in the parking lot at 3160 Leechburg Road, Pittsburgh Pa 15239. The Movant never contacted the repair shop about this vehicle.

23.     However, in defense of this motion, Gabe Fontana contacted the repair shop to verify the da the vehicle was moved, and he has learned that the vehicle is still at the Luna Collision with an outstanding bill for storage.

24.     In light of the fact that the vehicle is at Luna Collision, the extension of time to object to a discharge serves no valid purpose, except to unfairly tax the Debtor with additional fees incurred by his counsel in relation to this dispute.

25.     Huntington National Bank has not expressed any plausible theory as to non-dischargeability of the Debtor's liability, as a guarantor since the vehicle is located at Luna Collision.

**WHEREFORE**, the Debtor, Gabriel S. Fontana, respectfully requests that this

Honorable Court deny Huntington National Bank's Motion for Extension of Deadline to

Oppose Dischargeability.

**Respectfully submitted,**

**Dated:** August 2, 2024                 **CALAIARO VALENCIK**

**BY:** /s/ Donald R. Calaiaro
**Donald R. Calaiaro, Esquire        PA ID 27538**
**938 Penn Avenue, Suite 501**
**Pittsburgh, PA  15222-3708**
**Phone:        (412) 232-0930**
**Fax:            (412) 232-3858**
**Email:         dcalaiaro@c-vlaw.com**

**IN THE UNITED STATES BANKRUPTY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **IN RE:** | ) **Bankruptcy Case No.** 22-22293-CMB |
| Gabriel S. Fontana, | ) |
| **Debtor,** | ) **Chapter** 7 |
| | ) |
| The Huntington National Bank, | ) |
| **Movant,** | ) **Related Document No.** 154-152 |
| **v.** | ) |
| Gabriel S. Fontana d/b/a Fontana | ) **Response Due:** 08/08/24 |
| Consulting and Rosemary Crawford, | ) **Hearing Date:** 08/15/24 @ 1:30 p.m. |
| Chapter 7 Trustee, | ) |
| **Respondents.** | ) **Document No.** |

**CERTIFICATE OF SERVICE OF Response to Huntington National
Bank's Motion for Extension of Deadline to Oppose Dischargeability**

I certify under penalty of perjury that I served the above captioned pleading on the parties at the addresses specified below or on the attached list on August 2, 2024.

Marisa Myers Cohen on behalf of Creditor THE HUNTINGTON NATIONAL BANK
ecfmail@mwc-law.com, mcohen@mwc-law.com
Andrew M. Lubin on behalf of Creditor THE HUNTINGTON NATIONAL BANK
nj-ecfmail@mwc-law.com, bkecf@milsteadlaw.com
Rosemary C. Crawford; crawfordmcdonald@aol.com, PA68@ecfcbis.com
Office of the United States Trustee; ustpregion03.pi.ecf@usdoj.gov

The type(s) of service made on the parties (first-class mail, electronic notification, hand delivery, or another type of service) was: Electronic Notification.

If more than one method of service was employed, this certificate of service groups the parties by the type of service. For example, the names and addresses of parties served by electronic notice will be listed under the heading "Service by Electronic Notification," and those served by mail will be listed under the heading "Service by First-Class Mail."

**Executed on:** August 2, 2024

/s/ Donald R. Calaiaro
**Donald R. Calaiaro, Esquire**
**PA I.D. No. 27538**
**Dcalaiaro@c-vlaw.com**
**CALAIARO VALENCIK**
**938 Penn Avenue, Suite 501**
**Pittsburgh, PA  15222-3708**
**(412) 232-0930**